DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| VICENTE G. PEREZ, | CIVIL CASE NO. 13-00013 |
| Plaintiff, | |
| vs. | ORDER COUPLED WITH |
| DEPARTMENT OF CORRECTIONS, et al. | REPORT AND RECOMMENDATION |
| Defendants. | |

Vicente G. Perez, plaintiff, who is proceeding pro se herein, filed a complaint on May 17, 2013 against the Department of Corrections (DOC). Therein, he alleged lack of proper medical attention for a wrist injury and sought $1.5 Million Dollars in damages for personal injury under a 42 U.S.C. §1983 civil rights action. On July 30, 2013, Plaintiff filed an Amendment to his complaint and sought $3.5 Million Dollars in damages for a Negligent Infliction of Mental and Emotional Distress Claim. On August 21, 2013, Plaintiff amended his complaint to clarify that he was seeking $1.5 Million dollars in punitive damages and $3.5 Million Dollars for his Negligent Infliction of Mental and Emotional Distress Claim. On September 28, 2013, Defendant Department of Corrections filed a motion to dismiss Plaintiff's complaint. On September 30, 2013, Plaintiff moved to amend his complaint and included a copy of the proposed Amended Complaint in Attachment No. 7. In the proposed Amended Complaint, he named as additional defendants Dr. Raj Saad, M.D., Lt. Allen Borja, Dr. Andrea M. S. Leitheiser (Clinical Administrator), Major Francisco Crisostomo, and Director Jose A. San Agustin. On October 7, 2013, the Defendant Department of Corrections filed an opposition to the Plaintiff's motion to amend. On August 5, 2014, Defendant Department of Correction's

motion to dismiss was referred to the undersigned for a Report and Recommendation.

## DISCUSSION

On May 17, 2013, Plaintiff, a DOC inmate housed in the Federal Detention Facility filed a lawsuit pursuant to 42 U.S.C. § 1983, naming DOC as the defendant. (ECF No. 1.) His complaint, which took the form of a letter and attached exhibits, alleged that, since being taken into custody in DOC, he had not received proper medical and dental treatment. Specifically, he broke his wrist and DOC officials gave him medication and a bandage but did not provide him with a splint or assign him a lower bunk for sleeping. Plaintiff sought damages in the amount of $1.5 million.

On July 23, 2013, Plaintiff submitted a letter requesting an amendment to his original complaint. His letter made reference to the original complaint and included a new claim for Negligent Infliction of Mental & Emotional Distress. On July 30, 2013, the Court docketed Plaintiff's letter as an Amended Complaint against the Department of Corrections. (ECF No. 8.) In his Amended Complaint, Perez sought damages in the amount of $3.5 million for the new Negligent Infliction of Emotional Distress claim. This amendment would therefore be Plaintiff's First Amended Complaint.

On August 11, 2013, Plaintiff submitted a letter to the court indicating that his previous amendment contained an error. (ECF No. 11.) On August 21, 2013, the Clerk of Court stamped the letter as being "received" and thereafter filed it as an Amended Complaint. In his letter, Plaintiff clarified that he was seeking punitive damages in the amount of $1.5 million and damages in the amount of $3.5 million for Negligent Infliction of Mental and Emotional Distress. The letter was Plaintiff's second attempt to amend his complaint. For purposes of the discussion herein, the court will reference the August 21, 2013 filing as Plaintiff's Second Amended Complaint.

Plaintiff has filed a motion to amend his Second Amended Complaint to add more claims and include as additional defendants: Dr. Raj Saad, M.D., Lt. Allen Borja, Dr. Andrea M. S. Leitheiser (Clinical Administrator), Major Francisco Crisostomo, and Director Jose A. San Agustin. Currently, the only named Defendant in the Amended Complaint is the Department of

1 | Corrections. In his motion, Plaintiff provides a copy of the proposed amended Complaint in
2 | Attachment 7. (*See* ECF 19-7).

Plaintiff's proposed amended complaint provides as follows:

First, Plaintiff states that his suit is based upon a claim for denial of necessary and adequate medical care and treatment. Plaintiff also states that he brings an action for declaratory and injunctive relief and demands a jury trial. Plaintiff divides his proposed amended complaint into five categories. He provides a preliminary statement, allegations regarding jurisdiction, allegations as to the facts, allegations as to his legal claims, and a claim for relief. The proposed amended complaint is summarized below.

### Preliminary Statement

Paragraph 1 alleges that Plaintiff has been denied access to adequate and competent medical treatment, care, and facilities; that the Department of Corrections officials and their employees have failed and refused to transport him to medical appointments with his physician; failed and refused to carry out and/or complete his physicians's treatment plans, and orders; failed and refused to deliver prescribed medications, medical equipment and treatment kits. Plaintiff alleges these acts to be knowing, deliberate, and intentional on the part of DOC.

### Jurisdiction

Paragraph 2 addresses the jurisdiction of the court.

Paragraph 3 describes the incarceration status of Plaintiff.

Paragraph 4 alleges Defendants Raja Saad, Lt. A. Borja, Major Crisostomo, Clinical Administrator Andrea Leitheiser, and Director Jose A. San Agustin are responsible for the administration, operation, and supervision of the Department of Corrections, and promulgation of rules and regulations. Defendants are sued individually and in their official capacities.

Paragraph 5 alleges Defendant Jose A. San Agustin (and responsible parties involved) "is... the Administrator of the Department of Corrections" and is responsible for the administration, operation, and supervision of DOC staff and facilities, the custody and control of DOC inmates and the promulgation and enforcement of rules, regulations, and policies and practices relevant thereto. Defendants are sued in their individual and official capacities.

1       Paragraph 6 alleges that Defendants Saad and Leitheiser are the Medical Director and Clinical Administrator respectively at DOC. Said Defendants are sued individually and in their official capacities.

Facts

Paragraph 7 alleges Plaintiff was incarcerated at DOC pursuant to a criminal proceeding in the District Court of Guam.

Paragraph 8 alleges Plaintiff was not provided a medical examination upon entry into DOC and that he provided DOC with detailed history of his injuries, medical treatment, and care.

Paragraph 9 alleges Plaintiff was suffering from the residual affects of an accidental fall from an attempt to unmount from his upper bunk and from arthritis, including repeated and continuing pain and suffering from acquired injury (fracture), which was later confirmed by an x-ray.

Paragraph 10 alleges that as of March, 2013, Plaintiff was in need of specialized medical treatment and care to monitor his symptoms and alleviate discomfort.

Paragraph 11 alleges that Plaintiff was being examined on a daily basis from his entry into DOC in March until his hospitalization on May 3, 2013. While at GMH, he was under the care of Dr. Castro.

Paragraph 12 alleges that following his return to DOC on May 8, 2013, Plaintiff was not seen and treated repeatedly by DOC medical personnel.

Paragraph 13 alleges that Plaintiff was transported on April 15, 2013 to Dr. Saad for an examination. Dr. Saad recommended that DOC personnel monitor Plaintiff for neck, wrist, injuries, and arthritis plus follow up and for medication to lessen Plaintiff's continuing pain and discomfort.

Paragraph 14 alleges that following the aforementioned visit, Plaintiff was not seen by another doctor until June 28, 2013.

Paragraph 15 alleges that from June 28, 2013 to September 15, 2013, Plaintiff continued to report and indicate pain in the neck, wrist, back, and body almost daily, however, Plaintiff's

needs for specialized care were ignored and/or refused by Defendants and their employees; Plaintiff was denied treatment and/or medications and/or sterilized equipment that were prescribed for him and he was taunted and/or accused of "malingering" by Dr. Saad, medical staff, including Defendants and/or their employees.

Paragraph 16 alleges that finally, on or about July 10, 2013, Plaintiff was examined by Dr. Castro, Glenn Cunningham, a specialist, and Plaintiff was hospitalized for swollen neck which was choking him and was thus treated for acute infection on the neck.

Paragraph 17 alleges that on May 8, 2013, Dr. Castro made specific recommendations to DOC medical personnel for Plaintiff's treatment and care. A copy of this letter from Plaintiff's physician is attached to the proposed amended complaint.

Paragraph 18 alleges that Plaintiff is informed and believes and thereupon alleges that the Defendants and their employees have taken virtually no actions to carry out the recommendations contained in the aforementioned letter from Plaintiff's physician and/or that any such actions have been and will be so delayed as to aggravate Plaintiff's medical problems.

Paragraph 19 alleges that Plaintiff has initiated and/or filed grievances arising from the foregoing, all of which have been denied and/or ignored by the Defendants and their employees.

Legal Claims

Paragraph 20 alleges that Defendants, with knowledge of Plaintiff's medical needs, and/or with deliberate indifference to such medical needs, have acted or failed to act in such a way as to deprive Plaintiff of necessary and adequate medical care, thereby endangering the Plaintiff's health and well being. Such act and omissions of the Defendants allegedly violate rights secured to the Plaintiff under the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

Paragraph 21 alleges that Defendants, with knowledge of Plaintiff's medical needs, and/or with deliberate indifference to such medical needs, have acted or failed to act in such a way as to prevent Plaintiff from obtaining needed medical treatment and care from reaching the Plaintiff, thereby endangering the Plaintiff's health and well-being. Such acts and omissions of the Defendants violate rights secured to the Plaintiff under the Fifth, Eighth, Ninth, and

Fourteenth Amendments to the United States Constitution.

Paragraph 22 alleges that Defendants, with knowledge of Plaintiff's medical needs, have a duty under the Fifth, Eighth, Ninth and Fourteenth Amendments to provide needed medical care to inmates of DOC in conformity with the standard for delivery care of such medical care in the Territory of Guam as a whole.

Paragraph 23 alleges that Defendants, with knowledge of Plaintiff's medical needs, and/or with deliberate indifference to such medical needs, have acted or failed to act in such a way as to provide medical care in conformity with the standard delivery of such medical care in the Territory of Guam as a whole and have in fact provided medical care which does not meet such standards thereby endangering the Plaintiff's health and well being in violation of rights secured to the Plaintiff under the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

Paragraph 24 alleges that Defendants, knowing of the medical needs of Plaintiff, and knowing also of the inadequacies and deficiencies in the medical facilities staffing and procedures at DOC have a duty under the Fifth, Eighth, Ninth, and Fourteenth Amendments, to establish and implement policies, practices and procedures designed to assure that Plaintiff receives medical care and treatment in conformity with the standards for delivery of such medical care and treatment in the Territory of Guam as a whole.

Paragraph 25 alleges that Defendants, knowing of the medical needs of Plaintiff, and with deliberate indifference to the inadequacies and deficiencies in the medical facilities, staffing and procedures at DOC, have failed and neglected to establish and implement policies, practices and procedures designed to assure that Plaintiff receive medical treatment and care at the standards therefore in the Territory of Guam as a whole, or have adopted policies, practices, and procedures which Defendants knew would be ineffective in delivering medical treatment and care at such standard, thereby endangering the Plaintiff's health and well being in violation of rights secured to Plaintiff by the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

Paragraph 26 alleges that Defendants, knowing of Plaintiff's medical needs have a duty

under the Fifth, Eighth, Ninth, and Fourteenth Amendments to instruct, supervise, and train their employees and agents to assure delivery of medical care to Plaintiff which is consistent with the standards of medical care in the Territory of Guam as a whole.

Paragraph 27 alleges that Defendants, knowing of the medical needs of Plaintiff, and with deliberate indifference to such needs, have failed to instruct, supervise, and train their employees and agents in such manner as to assure the delivery of medical care to Plaintiff which is consistent with the standard of medical care in the Territory of Guam as a whole, thereby endangering the Plaintiff's health and well being in violation of rights secured to plaintiff by the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

Paragraph 28 alleges that the Defendants actions and/or omissions were negligent and/or reckless/or intentional.

Paragraph 29 alleges that the Defendants actions and/or omissions were committed under color of law and/or pursuant to policies, customs, practices, rules, regulations, or of law ordinances, statutes and/or usages of the Territory of Guam and/or DOC.

Paragraph 30 alleges that Plaintiff has no adequate and sufficient remedy at law with which to address the wrongs alleged herein and will continue to suffer irreparable injury from the conduct of Defendants unless he is granted the equitable relief prayed for herein.

Paragraph 31 alleges that as a direct and approximate result of the above-described actions and omissions of Defendants, Plaintiff suffered damages in the amounts of $200,000 (each Defendant) exclusive of interest and costs, the exact amounts of which will be proven at trial.

Relief

1. The court determine and enter judgment declaring that the acts and omissions of the Defendants as set forth above violate rights secured to Plaintiff by the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

2. The court issue a temporary and permanent injunction;
    (a) Enjoining the Defendants, their employees, agents, and successors in office from providing medical care and treatment to Plaintiff that is inconsistent with the

|   |   |
|---|---|
| 1 | standard of medical care and treatment in the Territory of Guam as a whole; |
| 2 | (b) Enjoining the Defendants, their employees, agents and successors in office from |
| 3 | refusing to provide and/or delaying provision of necessary medical treatment and |
| 4 | care to Plaintiff within the DOC or elsewhere; |
| 5 | (c) Enjoining the Defendants and their successors in office from failing to instruct, |
| 6 | supervise, and train their employees and agents in such a manner as to assume |
| 7 | the delivery of medical treatment and care to Plaintiff which is consistent with |
| 8 | the standard of medical care in the Territory of Guam as a whole; |
| 9 | 3. That the court establish a panel of independent medical experts to regularly evaluate |
| 10 | the delivery of medical treatment and care at DOC and insure the compliance of Defendants and |
| 11 | their successors in office with the court's orders herein; |
| 12 | 4. $1,000,000 in general damages. |
| 13 | 5. $1,000,000 in punitive damages |
| 14 | 6. $1,000,000 for negligent infliction of mental & emotional distress |
| 15 | 7. Pay for costs and fees, including reasonable attorney's fees |
| 16 | 8. That the court grant such further and additional relief which may be proper. |

Defendant DOC opposes Plaintiff's motion to amend his Second Amended Complaint. In its opposition, Defendant cites to Rule 15 of the Federal Rules of Civil Procedure. Rule 15 provides that a party may amend his original pleading once as a matter of course within certain time constraints, and thereafter only with the opposing party's written consent or with the court's permission, which shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether justice requires a court to grant leave to amend, the court considers five factors: (1) undue delay by the Plaintiff; (2) dilatory motive or bad faith on the part of the Plaintiff; (3) whether the Plaintiff has previously amended his complaint and failed to cure its deficiencies; (4) undue prejudice to the opposing party; and (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

"[L]eave to amend need not be granted if it 'constitutes an exercise in futility.'" *Hardman v. Gov't of Guam*, slip. op., Civil No. 10-00010, 2011 WL 4901162, *3 (D. Guam

Oct. 14, 2011) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989), and *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir.) (holding that, while leave to amend shall be freely given, the court need not grant leave for futile amendments), cert. denied, 464 U.S. 822, 104 S. Ct. 88, 78 L. Ed. 2d 96 (1983)). "[T]he court has particularly broad discretion to deny leave to amend if a plaintiff has previously amended the complaint." *Hardman*, 2011 WL 4901162, *3 (citing *Ascon Props., Inc.*, 866 F.2d at 1160).

Defendant argues that Plaintiff's amendment[1] would be futile and therefore should be denied. In support thereof, Defendant cites to the *Hardman* case, supra. In *Hardman*, the plaintiff brought 42 U.S.C. § 1983 claims against government of Guam officials in their official capacities. The defendant government moved to dismiss the first amended complaint and the plaintiff opposed or alternatively moved to amend. The court dismissed and, in addition, denied the plaintiff leave to amend because "[g]ranting Plaintiff leave to amend her claim against the [government] officers in their official capacities would merely be an exercise of futility as there is no amendment that can cure its defect." Id. at *5 (citing Ascon Props., Inc., 866 F.2d at 1160).

Defendant thus argues that any amendment in this case would be futile since Plaintiff's claims against the Defendants in the proposed Amended Complaint concern their actions as DOC officials and employees. Defendant also argues that Plaintiff makes no allegations concerning Defendants' actions in their individual capacity and that Plaintiff still names DOC as a Defendant and continues to seek money damages from all the newly named Defendants. Defendant notes that in the government's motion to dismiss, the decision in *Ngiraingas v. Sanchez*, 495 U.S. 182, 110 S. Ct. 1737, 109 L. Ed. 2d 163 (1990), bars Plaintiff from recovering money damages from governmental parties. Defendant thus argues that Plaintiff can plead no facts that would cure the amended complaint's deficiencies and as a result, the court

---

[1]If the proposed amendment is granted, this would be Plaintiff's Third Amended Complaint.

should deny the claims in the amended complaint against the individually named Defendants and DOC without leave to amend.

Defendant also argues that Plaintiff's motion should be denied because it has not met the requirements of Notice Pleading. Defendant cites to Rule 8 of the Federal Rules of Civil Procedure. Rule 8 provides that "a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(2). The purpose of this rule is to give the defense fair notice of the plaintiff's claims. Fair notice "enable[s] the adverse party to answer and prepare for trial, allow[s] the application of res judicata, and identify[ies] the nature of the case so it may be assigned the proper form of trial." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quoting 2A Moore's Federal Practice ¶ 8.13, at 8-58 (2d ed. 1994)). A court may dismiss or strike a complaint that fails to meet the notice pleading.

In *Lemore v. California Dept. Of Corrections and Rehabilitation*, 726 F. 3d 1062 (9th Cir.), 2013, the Ninth Circuit Court of Appeals discussed the necessary elements a plaintiff must show in order to state a claim for a failure to provide medical treatment.

> "To set forth a constitutional claim under the Eighth Amendment predicated upon the failure to provide medical treatment, first the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, a plaintiff must show the defendant's response to the need was deliberately indifferent." Conn, 591 F.3d at 1094–95 (internal quotation marks and citation omitted). The "deliberate indifference" prong requires "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006); Conn, 591 F.3d at 1095 (quoting Jett, 439 F.3d at 1096). "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison [officials] provide medical care." Jett, 439 F.3d at 1096 (citations and internal quotations marks omitted). "[T]he indifference to [a prisoner's] medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this [claim]." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir.1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990).

Thus, in order to state a claim for a failure to provide medical treatment, Plaintiff has to show in his proposed amended complaint that he had a serious medical need and that the Defendants

"were subjectively aware of the serious medical need and failed to adequately respond." Furthermore, Plaintiff must meet the pleading requirements of Rule 8.

As stated above, Rule 8 requires Plaintiff to provide a "short and plain statement of his claims showing that he is entitled to the relief requested therein. In his legal claims, Plaintiff alleges in Paragraph 20 that Defendants, with knowledge of Plaintiff's medical needs, and/or with deliberate indifference to such medical needs, have acted or failed to act in such a way as to deprive Plaintiff of necessary and adequate medical care, thereby endangering the Plaintiff's health and well being. Paragraph 21 alleges that Defendants, with knowledge of Plaintiff's medical needs, and/or with deliberate indifference to such medical needs, have acted or failed to act in such a way as to prevent Plaintiff from obtaining needed medical treatment and care from reaching the Plaintiff, thereby endangering the Plaintiff's health and well-being. In reviewing the said paragraphs and the other paragraphs where Plaintiff has alleged his legal claims, the court notes that these allegations are simply conclusory on the part of Plaintiff.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court announced a "plausibility" pleading standard. Under such standard, the pleader is required to supply necessary details that would make the claim plausible rather than merely possible with conclusory recitals of the elements of the claim sought for relief.

*Twombly* concerned a conspiracy claim under Section 1 of the Sherman Act. *Id*. at 548-49. The Supreme Court recognized that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Nevertheless, the court found that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotations and citations omitted). The Court further explained that "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. The Court held that an antitrust plaintiff must plead a set of facts

1  "plausibly suggesting (not merely consistent with)" a Sherman Act violation to survive a motion
2  to dismiss. *Id.* at 557.
3  In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), the Supreme Court clarified
4  that Twombly's "plausibility standard" applied to pleadings in civil actions generally, rejecting
5  the plaintiff's suggestion that the decision in *Twombly* be limited to antitrust claims. 129 S. Ct.
6  at 1953. The Supreme Court stated that:

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (internal quotations and citations omitted).

In his factual allegations, Plaintiff alleges that he was confined at DOC and was not given a medical examination. He was experiencing pain and suffering from a fracture. Since March, 2013, he needed specialized treatment for his symptoms and discomfort. He alleges that from June 28, 2013 to September 18, 2013, he had not seen a doctor. However, he states that he saw Dr. Castro on July 10, 2013 and that he was hospitalized at GMF for an infection on his neck. In paragraph 18, he alleges upon information and belief that Defendants have taken virtually no action to the recommendations made by Dr. Castro. Furthermore, Plaintiff alleges that he has filed grievances for Defendants' failure to provide him with his medical needs.

In review of Plaintiff's proposed amended complaint, the court finds that Plaintiff has failed to meet Twombly's "plausibility" pleading standard. Plaintiff fails to supply the necessary factual details to make a plausible claim for a failure to provide medical treatment claim. Under such standard, Plaintiff is required to supply necessary details that would make the claim plausible rather than merely possible with conclusory recitals of the elements of the claim sought for relief.

In addition to his failure to meet Twombly's "plausibility" pleading standard, the court finds that Plaintiff, (as pointed out by Defendants in their opposition) has failed to comply with

Local Rule 7.1(c)(1) by not providing a memorandum containing points and authorities with his motion to amend his amended complaint.

Thus, the court finds that Plaintiff's proposed amended complaint is futile since it fails to state a "plausible" cause of action for a failure to provide medical treatment claim. His failure to provide necessary factual details with respect to the new Defendants named in his proposed amended complaint make the granting of the proposed amended complaint prejudicial as to the new named Defendants.

Therefore, based upon the above considerations and Plaintiff's failure to meet the "plausibility" pleading standard of *Twombly* and his noncompliance with Local Rule 7.1(c)(1), the court will deny his motion to amend his Second Amended Complaint.

**REPORT AND RECOMMENDATION**

On August 5, 2014, Defendant Department of Correction's Motion to Dismiss was referred to the undersigned for a Report and Recommendation.

On September 28, 2013, Defendant Department of Corrections filed a motion to dismiss Plaintiff's Second Amended Complaint. Shortly after that motion by Defendant Department of Corrections, Plaintiff filed a motion to amend his Second Amended Complaint. The court has denied that motion, *supra*. It is therefore now appropriate to address Defendant Department of Correction's motion to dismiss the Second Amended Complaint.

Plaintiff's Second Amended Complaint names only one Defendant, i.e., the Department of Corrections.[2] Defendant moves to dismiss the Second Amended Complaint because it fails to state a claim upon which relief may be granted.

A review of Plaintiff's Second Amended Complaint shows that it fails to state a claim upon which relief may be granted.

Plaintiff has filed a suit based upon 42 U.S.C. § 1983 against Defendant Department of Corrections for civil rights violations as alleged in the Second Amended Complaint.

---

[2] The court notes that in his caption, Plaintiff includes the Attorney General of Guam as a named Defendant. The complaint, however, fails to make any allegations with regard to the Attorney General. Thus, the court does not find the Attorney General to be a Defendant herein.

Title 42, United States Code, Section 1983 provides that every person who under any statute, ordinance, regulation, custom, or usage, of any State, Territorial, or District of Columbia law subjects or causes to be subjected any citizen or other person to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

As the court has stated above, the sole named Defendant in this action is the Department of Corrections, an agency of the government of Guam. The department is immune from suit under § 1983 because the government of Guam is not a person within the meaning of the said act. In the U.S. Supreme Court case of *Ngiraingas v. Sanchez*, 495 U.S. 182 (1990), Ngiraingas, the petitioner, filed a suit in this court against the government of Guam, the Guam Police Department, the Director in her official capacity, and various police officers in their official and individual capacities. The court dismissed the claims and the Ninth Circuit Court of Appeals affirmed the dismissal with respect to the government, the police department, and the individual defendants in their official capacities. The U.S. Supreme Court affirmed the dismissal and held that "Neither the Territory of Guam nor its officers acting in their official capacities are 'persons' under Section 1983."

Based upon *Ngiraingas*, the undersigned recommends that the Second Amended Complaint filed herein by Plaintiff against the Department of Corrections be dismissed with prejudice. There can be no proper amendments made against the Defendant to make a case actionable against it under § 1983.



**/s/ Joaquin V.E. Manibusan, Jr.**
**U.S. Magistrate Judge**
**Dated: Sep 10, 2014**

**NOTICE:     THE PARTIES HAVE FOURTEEN (14) DAYS TO FILE OBJECTIONS TO THE REPORT AND RECOMMENDATION.**